UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

IGLESIA MISIONERA ASAMBLEA             CASE NO. 8:08-bk-17956
  DE DIOS, INC.                                          Chapter 11

      Debtor.
_____/

## DEBTOR'S CHAPTER 11 CASE MANAGEMENT SUMMARY

Iglesia Misionera Asamblea de Dios, Inc., ("Debtor") by and through its undersigned attorneys, pursuant to Administrative Order TPA-2005-2, hereby files this Chapter 11 Case Management Summary (the "Summary").  For its Summary, the Debtor states the following:

### Introduction

On November 12, 2008 (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

### Case Management Items

**1.     Description of the Debtor's Business**

The Debtor is a Florida not for profit religious organization consisting of a church.  The Debtor began its operation in approximately April, 1967.  Ricardo Rodriguez ("Pastor Rodriguez") is the Debtor's President and Church Pastor.  The Debtor has one (1) employee, not including Pastor Rodriguez.  The Debtor is the largest Hispanic church in all of Hillsborough County.  Its congregation exceeds 1,200 members.  The Church is a constituent of the Assemblies of God of the United States with its headquarters in Springfield, Missouri.

**2.     Location of Debtor's Operations and Whether Leased or Owned**

The Debtor is located at 10651 Anderson Road, Tampa, Florida ("Church"). The Debtor owns the real estate and all improvements therein—namely the Church facility.

**3.     Reasons for Filing Chapter 11**

The primary reason the Debtor filed its Chapter 11 Petition stems from its need to reorganize its financial obligations caused primarily by losses incurred by the Debtor as a result of its general contractor breaching its contract and failing to complete the construction of the Debtor's Church facility in a timely and workmanlike manner. Losses and costs were compounded because the general contractor failed to pay its subcontractors and then undertook a "good offense is your best defense" approach to the dispute by unleashing a costly and time consuming litigation strategy against the Debtor. The general contractor, Kalemeris Construction Company ("General Contractor"), initially filed its lawsuit against the debtor for breach of construction contract and construction lien foreclosure. The Debtor responded by filing a motion to dismiss due to Kalemeris' failure to comply with the mediation and arbitration provisions of the contract. The lawsuit was stayed pending resolution of the arbitration.

The Debtor then filed its counterclaim against the General Contractor for failing to fully and properly perform the roofing work required of the contract which resulted in water intrusion and attendant physical damages to the church. The Counterclaim also seeks damages for the Contractor's failure to provide an adequate air-conditioning system, providing doors of inferior quality than called for in the contract, and for poor and faulty installation and finishing of the drywall throughout the Church. The arbitration proceeding is in the beginning stages of discovery.

The majority of the Debtor's income is comprised of offerings, tithes and pledges from parishioners. The average monthly amount fluctuates, but is approximately $60,000 to $65,000 per month. Prior to 2005, the Debtor owned a Church located at 10144 W. Lemon Street. Based upon an eminent domain/condemnation action, the Debtor was forced to leave its former location. The Debtor acquired the land at its current location and paid $475,000 for the acquisition of the land in 2002. From 2005 through 2007, the Debtor began construction of a building for a church and day care program. During the construction phase, the Debtor leased a facility it utilized for its church services. The monthly lease was $10,000 per month including storage.

The total contract price for the new Church facility was $3,457,000, not including any change orders. The anticipated completion date was twelve (12) months from the contract date. The Debtor hired the General Contractor to build its new Church facility. During the construction of the church facility, the Debtor discovered that the General Contractor did not pay all the sub-contractors, materials and that the roof of the building had been improperly installed, giving rise to major water intrusion and leaks that persist to this day. The defective installation of the roof was confirmed and certified by an expert who was recommended by the manufacturer of the building, American Buildings, Inc, which manufacturers pre-fabricated buildings, such as the Debtors. American Buildings, Inc's expert prepared an extensive report detailing the General Contractors negligent and shoddy installation.

Instead of the twelve-month completion date, the project lasted for approximately twenty-six (26) months. Because of the General Contractor's breach, approximately an additional $500,000 was still required to pay approximately thirty (30) subcontractors and another $500,000 to $650,000 to attempt to fix the roof. Because the General Contractor did not perform and pay the subcontractors,

constructions liens or claims of liens were recorded. The Debtor also suffered a 14-month delay in the completion of the project that diminished its cash reserves of approximately $300,000 because the Debtor was required to pay rent at the leased church and service its mortgage at the same time. Essentially, the Debtor was paying for two (2) locations.

In order to avoid litigation and hopefully finish the project, the Debtor began making payments to the sub-contractors directly. Consequently, the Debtor was unable to make its payments to the Assemblies of God Loan Fund ("Mortgagee") who threatened to foreclose on the real estate. Mortgagee and the Debtor entered into a forbearance agreement to avoid foreclosure.

**4.     List of Officers and Directors and Their Salaries and Benefits at Time of Filing and During the One Year Prior to Filing**

a.     Ricardo Rodriguez, President and Church Pastor, receives approximately $72,000 annually, which amount includes health insurance, retirement benefits and housing allowance.

b.     The Debtor's Administrative Assistant receives a salary of approximately $28,000 annually and does not receive any benefits.

**5.     Debtor's Annual Gross Revenues**

In 2007, Debtor's gross revenue was $844,862.00. As of October 31, 2008 the Debtor's gross revenue is $630,874.

**6.     Amounts Owed to Various Classes of Creditors**

a.     Assemblies of God Loan Fund or the Mortgagee is owed approximately $4,400,000, which debt is a mortgage secured by the Church facility located at 10651 Anderson Road, Tampa, Florida.

b.     The amount owed to the various claim of lien holders is approximately $565,801.55.

    c.    The amount owed to the general unsecured creditors is approximately $20,000.

    d.    There is no lien on the Debtor's cash collateral.

**7.    General Description and Approximate Value of the Debtor's Current and Fixed Assets**

The Debtor's principal assets include real estate, bank accounts, furniture, fixtures and equipment ("FF&E"), an automobile, accounts receivable and a counterclaim against Kalemeris Constructions, Inc. The total value of all the Debtor's assets is estimated to be approximately $8,395,600.

**8.    Number of Employees and Amount of Wages Owed as of Petition Date**

As of the Petition Date, the Debtor has one employee, not including Pastor Rodriguez. The Debtor does not owe any payroll related obligations.

**9.    Status of Debtor's Payroll and Sales Tax Obligations**

As of the Petition Date, the Debtor does not have any payroll or sales tax obligations.

**10.    Anticipated Relief Requested**

As of this date, the Debtor will be required to file a Motion for Authority to Pay Officer's Salary. The Debtor will file its bankruptcy schedules and statement of financial affairs since the Debtor initiated this Chapter 11 by filing a "bare bones" petition.

WHEREFORE, the Debtor respectfully submits this as its Case Management Summary.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Case Management Summary has been furnished either by the Court's CM/ECF system or by regular U. S. Mail to the **Office of the U.S. States Trustee**, 501 E. Polk St., Ste. 1200, Tampa, FL 33602; and **Iglesia Misionera Asamblea de Dios, Inc.,** 10651 Anderson Rd., Tampa, FL 33625 on this 12th day of November, 2008.

MORSE & GOMEZ, P.A.

/s/ Alberto F. Gomez, Jr.
ALBERTO F. GOMEZ, JR.
Florida Bar No. 784486
119 South Dakota Avenue
Tampa, Florida 33606-1813
Telephone:  (813) 301-1000
Facsimile:   (813) 301-1001
E-mail: agomez@morsegomez.com
Counsel for Debtor

F:\Shared Office Files\Iglesia Church\Pleadings\Case Management Summary.doc