UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

IGLESIA MISIONERA ASAMBLEA　　　　CASE NO. 8:08-bk-17956-MGW
DE DIOS, INC.　　　　　　　　　　　　Chapter 11

　　Debtor.
_____/

## CHAPTER 11 PLAN OF REORGANIZATION

Pursuant to Bankruptcy Code §1121(b) and other applicable law, Iglesia Misionera Asamblea de Dios, Inc. files its Chapter 11 Plan of Reorganization ("Plan"), and states as follows:

### ARTICLE I
### DEFINITIONS AND CONSTRUCTION

**Defined Terms**.

As used in this Plan, the following terms (which appear in this Plan with initial capitalized letters) shall have the meanings set forth below. Unless set forth differently herein, all definitions contained in 11 U.S.C. §101 shall apply herein. Parties in interest are encouraged to review and refer to the 11 U.S.C. §101 for a complete listing of definitions.

　　1.1　Bankruptcy Code: "Bankruptcy Code" means Title 11 of the United States Code, §101 et. seq., as in effect on the Petition Date or as hereafter amended to the extent such amendments are applicable to this Chapter 11 Case.

　　1.2　Bankruptcy Court: "Bankruptcy Court" means the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, or, to the extent the reference is withdrawn, the United States District Court for the Middle District of Florida, Tampa Division.

1.3     Bankruptcy Rules: "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, as in effect on the Petition Date or as hereafter amended to the extent such amendments are applicable to the Chapter 11 Case.

1.4     Bar Date: "Bar Date" means the last date for filing a Proof of Claim against the Debtor in this Chapter 11 Case as fixed by the Bankruptcy Court which is January 20, 2009.

1.5     Confirmation: "Confirmation" means the entry by the Bankruptcy Court of the Order confirming and approving this Plan or any subsequent version of such Plan. Upon the Confirmation Order becoming final and non-appealable, this will establish the "Effective Date" of the Plan.

1.6     Debtor's Counsel: "Debtor's Counsel" shall mean Alberto F. Gomez, Jr., Esq. and the law firm of Morse & Gomez, P.A. (collectively "M&G") of Tampa, Florida.

1.7     Effective Date: "Effective Date" refers to the date when the Confirmation Order is final and non-appealable. The Effective date shall be thirty (30) days after the entry of the order confirming the Debtor's Plan.

1.8     Petition Date: "Petition Date" means November 12, 2008.

1.9     Plan: "Plan" means this Chapter 11 Plan filed by the Debtor, and all schedules and other exhibits hereto, as well as any subsequent amendments, or modifications submitted by the Debtor in a manner consistent with the provisions of this Plan and the Bankruptcy Code. The term of the Debtor's Plan, unless otherwise specifically provided herein, shall be sixty (60) months or five (5) years from the Effective Date.

1.10    Real Property: "Real Property" means the Debtor's Church Facility located at 10651 Anderson Road, Tampa, Florida.

## ARTICLE II
## DESIGNATION OF CLASSES AND TREATMENT OF CLAIMS

2.1     Class 1 (Impaired) consists of the claim of Assemblies of God Loan Fund ("AG Financial Solutions") or the Mortgagee who is owed approximately $4,453,000.00 in principal and interest, which debt is secured by a note and mortgage on the Debtor's real property located at 10651 Anderson Road, Tampa, Florida. The Debtor shall pay the secured claim of Class 1 by making sixty (60) equal monthly payments at 6% interest per annum, amortized over thirty (30) years, in the amount of $26,697.98 per month beginning upon the Effective Date of the Plan over a period of a 60-month term. The balance of the Class 1 claim will be due and payable at the end of the 60-month term when the outstanding balance will balloon unless AG Financial Solutions agrees that the term can be extended. The terms of the original note and mortgage shall remain in full force and effect except as modified herein.

2.2     Class 2 (Impaired) consists of the Claim of Kalemeris Construction, Inc. ("General Contractor") in the approximate amount of $1,050,756.24. The Debtor objects to the claim of Class 2 and believes that the General Contractor is not owed any amounts and may in fact owe the Debtor money based on the Debtor's counterclaim. This dispute will be either resolved amicably between the parties or the Court will need to resolve same.

2.3.    Class 3 (Impaired) consists of the various claims of lien of Sub-Contractors recorded in the Official Records of Hillsborough County, Florida against the Debtor's Real Property in the total approximate amount of $390,740.35. The Debtor objects the claims of Class 3. The Debtor shall pay the allowed secured claims of Class 3 by making sixty (60) equal monthly payments at 6% interest per annum, amortized over ten (10) years, in the amount of $4,338.00 per month beginning upon the Effective Date of the Plan over a period of a 60-month term. This assumes that the Debtor

agrees to the full amount alleged to be owed. The balance of the Class 3 claim will be due and payable at the end of the 60-month term when the obligation will balloon, unless Class 3 claimants agree to extend the term.

2.4   Class 4 (Impaired) consists of the claim of World Omni Financial Corp. ("Toyota") in the approximate amount of $26,436.16, which debt is secured by a lien on the Debtor's 2007 Toyota Minivan. The Debtor shall pay the secured claim of Class 4 in sixty (60) equal monthly payments at 5% interest per annum in the amount of $498.88 per month beginning upon the Effective Date of the Plan.

2.5   Class 5 (Impaired) consists of the Claims of General Unsecured Creditors. The Debtor will pay the unsecured creditors approximately 35% of their total allowed claims in sixty (60) equal monthly payments beginning upon the Effective Date of the Plan. Based upon the Debtors estimated total of allowed claims, the total unsecured claims are approximately $47,213.00.

In order to avoid the cost and inconvenience of issuing small denomination checks, any prorated quarterly payment that does not equal at least two hundred fifty ($250) dollars may be accrued and not paid until the prorated amount equals at least two hundred fifty ($250) dollars. Unsecured creditors will not receive a promissory note and no interest will accrue. The terms of the Debtor's Plan will bind the parties and control the Debtor/creditor relationship between the parties.

2.6   <u>Administrative Claims</u>. Each holder of an Allowed Administrative Claim (except any such holder that agrees to different treatment) shall receive the Allowed Amount of such holder's Allowed Administrative Claim, in Cash, in full satisfaction, settlement, release, extinguishment and discharge of such Claim, on the Effective Date; provided, however, that Allowed Administrative Claims representing (a) post-petition liabilities incurred in the ordinary course of business by the

Debtors and (b) post-petition contractual liabilities arising under loans or advances to the Debtors, whether or not incurred in the ordinary course of business, shall be paid by the Debtors in accordance with the terms and conditions of the particular transactions relating to such liabilities and any agreements relating thereto. Administrative claims are estimated to be approximately $50,000.00.

2.7     <u>Priority Tax Claims--Other than ad valorem real property and tangible taxes</u>. Each holder of an Allowed Priority Claim (except any such holder that agrees to different treatment) shall receive the Allowed Amount of such holder's Allowed Priority Claim, in Cash, in full satisfaction, settlement, release, extinguishment and discharge of such Claim, on the Effective Date. The obligations under this Section with respect of any Allowed Priority Claim that is secured by a valid, perfected and enforceable Lien shall be collateralized by a continuation of the Lien underlying such Claim and such obligation shall be and become due and payable upon the sale or other disposition of the collateral therefore. This includes sales tax claims. Debtor does not believe any amounts are owed.

### ARTICLE III
### DETERMINATION OF CLAIMS

3.1     <u>Determination of Claims</u>: Unless otherwise ordered by the Bankruptcy Court, and except as to any late-filed claims, the Debtor shall be required to file and properly serve upon the applicable creditor any and all objections to claims and interests, whether timely filed or scheduled, with the Bankruptcy Court, by no later than fifteen (15) days following the entry of the Order Confirming Plan.

## ARTICLE IV
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND RELEASE AND DISCHARGE

4.1     Executory Contracts and Unexpired Leases: All executory contracts or unexpired leases that have not been assumed and/or assigned by an Order of the Bankruptcy Court or that are not to be expressly assumed under the Debtor's Plan shall be deemed Rejected Contracts as of the Effective Date.

4.2     Release and Discharge: The rights afforded to the holders of Claims by and in this Plan shall be in exchange for and in complete release, satisfaction, and discharge, to the fullest extent permitted by applicable law, of all claims of any nature whatsoever against the Debtor. This release and discharge shall be effective as of the Effective Date.

## ARTICLE V
## RETENTION OF JURISDICTION

5.1     Retention of Jurisdiction: The Bankruptcy Court shall retain jurisdiction of the Chapter 11 Cases as allowed for by the Bankruptcy Code and other applicable law. The Bankruptcy Court will retain Jurisdiction to determine all issues related to the Debtor's Plan including enforcement of any plan default.

## ARTICLE VI
## MISCELLANEOUS

6.1     No Admissions: This Plan provides for the resolution, settlement, and compromise of Claims against the Debtor. No proposed course of conduct contemplated herein shall be construed as legally or equitably binding upon the Debtor, or any other party, prior to the Confirmation Date.

6.2     Amendments: The Debtor retains the right to amend, modify, or supplement this Plan at any time prior to or after the Confirmation Hearing, to the full extent that this is authorized by law.

Notice of any amendment which materially adversely affects any Creditors shall be sent to such parties as the Bankruptcy Court may direct.

6.3     Headings: The headings used in this Plan are inserted for convenience only and shall not be deemed to be a part of this Plan or in any manner affect the construction of the provisions of this Plan.

6.4     Notices: All notices, motions, objections, or affidavits required by this Plan to be served on the Debtor shall be in writing, addressed to the following parties:

If to the Debtor:

| | | |
|---|---|---|
| Alberto F. Gomez, Esq.<br>Morse & Gomez, P.A.<br>119 South Dakota Avenue<br>Tampa, FL 33606-1813 | and | Iglesia Misionara Asamblea de Dios, Inc.<br>10651 Anderson Rd.<br>Tampa, FL 33625 |

and shall be sent by United States first class mail or overnight delivery service or shall be made by hand delivery, but telecopy transmission alone shall not suffice as valid notice pursuant to this Plan.

6.5     Construction: Where not inconsistent or in conflict with the provisions of this Plan, the words and phrases used herein shall have the meanings ascribed thereto in the Bankruptcy Code and in the Bankruptcy Rules.

6.6     Severability: If any section of this Plan, or the application of any section, is held invalid or unenforceable by the Bankruptcy Court at the Confirmation Hearing, then the remainder of this Plan, and the application of such section to persons or circumstances other than those with respect to which it is held invalid or unenforceable, shall not be affected thereby.

Dated this 22nd day of January, 2009.

_____
Jose Reyes, Treasurer/Director
of Iglesia Misionara Asamblea de Dios, Inc.

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing CHAPTER 11 PLAN OF REORGANIZATION has been furnished either by the Court's CM/ECF system or by U.S. Mail, first class postage prepaid, this 22nd day of January, 2009, to the **Office of the U.S. States Trustee**, 501 E. Polk St., Ste. 1200, Tampa, FL 33602; and **Iglesia Misionera Asamblea de Dios, Inc.,** 10651 Anderson Rd., Tampa, FL 33625.

/s/ Alberto F. Gomez, Jr.
ALBERTO F. GOMEZ, JR.
Florida Bar No. 784486
MORSE & GOMEZ, PA
119 South Dakota Avenue
Tampa, Florida 33606-1813
Telephone: (813) 301-1000
Telecopier: (813) 301-1001
Counsel for Debtor

F:\Shared Office Files\Iglesia Church\Pleadings\Plan 01-22-09.doc